Filed 7/1/25  P. v. Ross CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER GARY ROSS,<br><br>    Defendant and Appellant. | C101510<br><br>(Super. Ct. No. P19CRF04422) |

Defendant Christopher Gary Ross filed a petition for resentencing on his March 2022 manslaughter conviction under Penal Code section 1172.6.  (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)  The trial court denied the petition, finding defendant was ineligible for relief as he was charged and pleaded guilty after section 1172.6 became effective.

Defendant appeals the order denying him postconviction relief, and defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant.  Defendant

1

filed a supplemental brief in which he argues he meets the requirements for relief under section 1172.6. Having considered defendant's supplemental brief in accordance with *Delgadillo*, we affirm the order.

## FACTS AND HISTORY OF THE PROCEEDINGS

In October 2019, the People filed a complaint against defendant alleging he and his codefendants committed murder and that defendant committed involuntary manslaughter of a police officer. (§§ 187, subd. (a), 192, sub. (b).) In March of 2022, the People filed an amended complaint that charged defendant with voluntary manslaughter and possession of cannabis for sale. (§ 192, subd. (a), Health & Saf. Code, § 11359, subd. (d).)

Defendant pleaded no contest to manslaughter and possession of cannabis for sale on March 1, 2022. (§ 192, subd. (a); Health & Saf. Code, § 11359, subd. (d).)

The factual basis for defendant's plea stipulated that defendant misled responding sheriff's deputies and placed them in harm's way. As a result of his actions, one deputy was shot and killed and a second was shot and injured. As more fully described in the probation report, defendant called the dispatch to report he saw five unknown suspects in his legal marijuana grow and that they were attempting to steal his marijuana. Deputy sheriffs responded and contacted defendant who directed them to the "garden," and was described as "inappropriately calm." Despite the quiet scene, the deputies were soon subject to deadly fire from men in the garden that killed one officer and injured another. After giving several versions of his story, defendant admitted he called the sheriff's department because he believed men were stealing his marijuana and would not pay him. He hoped the deputies would show up and catch the men stealing marijuana and arrest them for trespassing. He did not want to handle the matter himself because he was afraid the thieves might kill him.

Pursuant to a plea agreement, the trial court sentenced defendant to the upper term of 11 years in state prison on the voluntary manslaughter charge and a consecutive term of eight months for the possession of cannabis for sale.

In 2023, defendant filed a petition for resentencing under section 1172.6 alleging he had been charged with murder under a pleading that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; he had been convicted murder, attempted murder or manslaughter after trial or a plea; and he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The People opposed the motion, arguing, "The defendant's argument lacks merit as the law had already changed prior to his having even committed the offense." At the hearing on the motion, defendant's attorney conceded, "Because [defendant] entered a plea after the effective date of the statute, the procedure does not apply to him[.]"

The trial court denied the motion finding the defendant was not eligible for relief because at the time defendant entered his plea (March 2022), the law had already been changed (in 2019) and counsel and the courts were aware of this change.

Defendant filed a timely notice of appeal.

### DISCUSSION

The independent review procedures in *People v. Wende* (1979) 25 Cal.3d 436 are not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing. (*People v. Delgadillo, supra,* 14 Cal.5th at pp. 222, 224-225.) Where, as here, defendant has been notified that his appeal may be dismissed pursuant to *Delgadillo* and he files a supplemental brief raising issues he wants considered, we must evaluate the specific arguments presented in the defendant's

supplemental brief, but we are not required to independently review the record, although we may exercise our discretion to do so. (*Id.* at pp. 228-232.)

We turn to the issue raised in defendant's supplemental brief that he was eligible for relief under section 1172.6. Defendant repeats his contention he was charged under the law that existed prior to the enactment of section 1172.6. He further asserts he was not the actual killer, did not act with the intent to kill, and was not a major participant who acted with reckless indifference. Based on this, he asserts he was charged with second degree murder under the natural and probable consequences doctrine and he pleaded guilty to voluntary manslaughter based on his fear of being convicted of murder.

Effective January 1, 2019 [10 months before defendant was originally charged], the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), which amended sections 188 and 189 to significantly limit the scope of the felony-murder rule and eliminate second degree murder liability predicated on the natural and probable consequences doctrine. (*People v. Lezama* (2024) 101 Cal.App.5th 583, 587; *People v. Strong* (2022) 13 Cal.5th 698, 707-708 & fn. 1.) Senate Bill 1437 also created "a special procedural mechanism for those convicted under the former law to seek retroactive relief," codified at former section 1170.95 (now § 1172.6). (*Strong,* at p. 708.)

Later, effective January 1, 2022 [three months prior to his plea], Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) expanded the categories of offenders eligible to petition for resentencing to include those convicted of attempted murder and manslaughter.

Thus, at the time of his plea in March 2022 and continuing to this day, section 1172.6 specified that a person convicted of manslaughter must meet the following three conditions to seek resentencing: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a

4

crime, or attempted murder under the natural and probable consequences doctrine.  [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a).)

Defendant is ineligible for relief under section 1172.6 because he fails to satisfy the first and third conditions of section 1172.6.  The People charged defendant with murder in October 2019 -- 10 months after Senate Bill 1437 had already changed murder liability under sections 188 and 189.  Therefore, it was not possible for "the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that [defendant's] participation in a crime."  (§ 1172.6, subd. (a)(1).)  Those theories of murder liability were no longer legally permitted when the People charged him.  (*Cf. People v. Reyes* (2023) 97 Cal.App.5th 292, 298 [holding that the defendant was ineligible for resentencing under § 1172.6, subd. (a)(1) because "when th[e] criminal proceeding was initiated [in 2020], the prosecution was precluded from proving the murder charge under a theory of imputed malice"].)

Moreover, because defendant pleaded no contest to voluntary manslaughter in March of 2022 after both Senate Bill 1437 and Senate Bill 775 were in effect, he cannot establish that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 [by Senate Bill1437] made effective January 1, 2019."  (§ 1172.6, subd. (a)(3); see also *People v. Lezama, supra,* 101 Cal.App.5th at p. 590, fn. omitted [concluding that resentencing is unavailable as a matter of law under § 1172.6, subd. (a)(3) to a defendant "who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated"]; *People v.*

5

*Gallegos* (2024) 105 Cal.App.5th 434, 443; c*f. People v. Reyes, supra,* 97 Cal.App.5th at p. 298.)

DISPOSITION

 The judgment is affirmed.

_____,

HULL, Acting P. J.

We concur:

_____

ROBIE, J.

_____

DUARTE, J.